**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CONTRERAS-HERNANDEZ, | No. 13-73140 |
| Petitioner, | Agency No. A089-839-780 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Juan Contreras-Hernandez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

The agency found the deteriorated health condition of Contreras-Hernandez's brother and unspecified changes in asylum law did not constitute extraordinary or changed circumstances excusing the untimely application. The record does not compel the conclusion that Contreras-Hernandez established changed or extraordinary circumstances to excuse his untimely application for asylum, including humanitarian asylum. *See* 8 C.F.R. § 1208.4(a)(4),(5); *see also Ramadan v. Gonzalez*, 479 F.3d 646, 657-58 (9th Cir. 2007) (per curiam). Thus, we deny the petition for review as to Contreras-Hernandez's asylum claims.

Substantial evidence supports the agency's conclusion that Contreras-Hernandez failed to establish a nexus between any past or feared future harm and a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) (under the REAL ID Act, applicant must prove a protected ground is at least "one central reason" for persecution). Thus, we deny the petition as to Contreras-Hernandez's withholding of removal claim.

Finally, substantial evidence supports the agency's denial of Contreras-Hernandez's CAT claim because he failed to establish it is more likely than not he

13-73140

would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED**.